# In the United States Court of Federal Claims

No. 20-1307C

(Filed: April 27, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **RHASHEA LYNN HARMON-EL,** *et al.*, | ) ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** *et al.*, | ) ) |
| *Defendants.* | ) ) ) |

## OPINION AND ORDER

***SOLOMSON*, Judge.**

On September 25, 2020, Plaintiffs, Rhashea Lynn Harmon-El and Chief White Owl, acting *pro se*, filed a complaint in this Court against the United States, various private individuals and organizations, state agencies, and state courts. *See* ECF No. 1 ("Compl.") at 1. Plaintiffs allege that through fraudulent mortgages and foreclosures on a number of Plaintiffs' properties, Defendants stole and sold Plaintiffs' properties both under "color of authority" and through threats and coercion. *Id.* at ¶¶ 18–20, 39–41, 90. Furthermore, Plaintiffs allege that several state courts were complicit in these alleged fraudulent mortgage schemes, and that all Defendants have received a portion of the proceeds from the property sales. *Id.* at ¶¶ 30–32, 35, 52, 90–91. Plaintiffs request that this Court award compensation for the claimed offenses, grant punitive damages, and order a criminal investigation into the ongoing "corrupt practices of stealing property through fraudulent foreclosure actions." Compl. at 20–21.

On November 6, 2020, Plaintiffs filed a motion to proceed *in forma pauperis*, ECF No. 8, which this Court granted. ECF No. 13. On November 23, 2020, the government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* ECF No. 9.

On December 29, 2020, Plaintiffs filed a motion for leave to file an amended complaint. *See* ECF No. 10. This Court granted Plaintiffs' request to file an amended complaint on January 4, 2021, ordering Plaintiffs to file an amended complaint on or before January 18, 2021. *See* ECF No. 12. As of today, Plaintiffs have neither filed an amended complaint, nor sought an extension of time in which to do so. Pursuant to RCFC 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may move to dismiss on its own motion." On January 25, 2021, this Court ordered Plaintiffs to show cause as to why this matter should not be dismissed for failure to prosecute, failure to file a timely amended complaint pursuant to this Court's order, and for the reasons contained in the government's motion to dismiss. ECF No. 14. As of today, Plaintiffs have not responded to this Court's order, and Plaintiffs' failure to respond is grounds for dismissal. RCFC 41(b); *see, e.g., Koopmann v. United States*, 151 Fed. Cl. 336, 340 (2020) ("[D]espite their pro se status, the Non-Responding Plaintiffs' failure to respond to this Court's Orders . . . is sufficient reason to dismiss their claims for failure to prosecute.").

Moreover, as the government argues in its motion to dismiss, ECF No. 9 at 4, Plaintiffs' claims are outside this Court's jurisdiction and, thus, this Court must dismiss the action. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012); *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002); RCFC 12(h)(3) (*sua sponte* dismissal). While this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), the Court "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In short, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). For the reasons explained below, Plaintiffs have not met this burden.

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). In this case, Plaintiffs allege multiple claims against private, state, and various court entities. Compl. at 12–18. Pursuant to the Tucker Act, 28 U.S.C. § 1491(a), however, this Court's jurisdiction is limited to claims against the United States. *See, e.g., Double Lion Uchet Express Trust v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))). Therefore, all of Plaintiffs' claims against private, local, state, and court entities must be dismissed.

Moreover, Plaintiffs' allegations against the United States itself are also not within this Court's jurisdiction. The Tucker Act provides this Court with jurisdiction to

decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see also United States v. Mitchell*, 463 U.S. 206, 216 (1983) (noting that "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act"). With respect to money-mandating claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal government for the damages sustained." *New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997) (citations omitted); *see also Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("When a complaint is filed alleging a Tucker Act claim based on a Constitutional provision, statute, or regulation, . . . , the trial court at the outset shall determine . . . , whether the Constitutional provision, statute, or regulation is one that is money-mandating."). In the instant case, Plaintiffs' claims rest upon several constitutional doctrines and provisions, including the Commerce Clause, Contract Clause, as well as putative "Fundamental Rights" and "Discrimination, Disparate Impact, and Disparate Treatment," *see* Compl. at 10–11, none of which are money-mandating. *See*, *e.g.*, *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) (holding that the Contract Clause is not money-mandating for purposes of Tucker Act jurisdiction); *Maldonado v. United States*, No. 17-813, 2017 WL 3947552, at *3 (Fed. Cl. Sept. 8, 2017) (determining that the "Commerce Clause cannot reasonably be interpreted as mandating the payment of compensation").

Plaintiffs also base their claims on several treaties and international doctrines, *see* Compl. at 10–11, but this Court has no jurisdiction over any claim arising from the identified authorities. 28 U.S.C. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."). Plaintiffs identify no treaty that the United States is alleged to have breached such that compensation would be owed to them. *See* Compl. at 10–11 (citing treaties, such as the Treaty of Peace and Friendship and the Treaty of Tripoli, that are not actionable under the Tucker Act); *see, e.g.*, *Republic of New Morocco v. United States*, 98 Fed. Cl. 463, 468 (2011) (explaining that treaties entered into with foreign nations, such as "the Treaty of Peace and Friendship[,] . . . cannot serve as a basis for the court to exercise jurisdiction").

Further, Plaintiffs' complaint alleges several other types of claims that fall outside of this Court's jurisdiction. Plaintiffs allege that other Defendants[1] created and enforced fraudulent mortgages, and that various government agencies assisted with this fraud. *See* Compl. at 12–17. Plaintiffs also allege that Defendants engaged in criminal misconduct, and request punitive damages and an investigation of the alleged

---

[1] To the extent that any of these claims are against any entity other than the United States, they must be dismissed for the reasons discussed *supra*. 28 U.S.C. § 1491(a).

fraud.  Compl. at 19–20.  This Court, however, does not possess jurisdiction over any kind of tort claim.  28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim . . . in cases not sounding in tort."); *see also* 28 U.S.C. § 1346(b)(1); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1365–66 (Fed. Cir. 2013); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) (noting that any claim that a "defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties[,]" falls outside this Court's jurisdiction).  Additionally, this Court lacks jurisdiction over criminal misconduct claims.  *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Hufford v. United States*, 85 Fed. Cl. 607, 608 (2009).  Finally, this Court lacks jurisdiction to order punitive damages or to direct investigations.  *See, e.g., Trevino v. United States,* 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding that "the trial court does not have jurisdiction over . . . claims for injunctive relief and punitive damages").  Accordingly, Plaintiffs' claims alleging fraud and criminal misconduct, as well as Plaintiffs' requests for punitive damages, must be dismissed.

In light of Plaintiffs' failure to prosecute this case in compliance with this Court's rules and January 25, 2021 order, the Court **DISMISSES** Plaintiffs' complaint without prejudice.  Additionally, the Court **GRANTS** the government's motion to dismiss pursuant to RCFC 12(b)(1).  The Clerk is directed to enter **JUDGMENT** for the government accordingly.

**IT IS SO ORDERED.**

s/ Matthew H. Solomson
Matthew H. Solomson
Judge